Circuit Court of Guernsey County.

THE BOARD OF COUNTY COMMISSIONERS OF GUERNSEY COUNTY, OHIO, v. THURLOW.

Decided, November Term, 1907.

*Sheriff—Fees of, Where There is a Change of Venue and the Accused is Acquitted—Payable Under Section 1231 and not Under Section 7264.*

Where there is a change of venue and the accused is acquited, the sheriff has no claim for fees, under Section 7264 of Revised Statutes as amended, 93 Vol. Ohio Laws, page 7, against the county where the indictment was found; his fees in such cases being provided for by Section 1231 of the Revised Statutes.

*Charles S. Sheppard,* for plaintiff in error.
*Turnbaugh & Eagleson* and *A. M. Morris,* contra.

COOK, J.; BURROWS, J., and LAUBIE, J., concur.

Error to common pleas court.

T. M. Thurlow, the sheriff of Noble county, obtained a judgment by consideration of the court of common pleas against the board of county commissioners of this county for serving subpoenaes and other services rendered by him in the case of *The State of Ohio* v. *Barber.* Barber was indicted for a felony in Guernsey county and obtained a change of venue to Noble county, where he was tried and acquitted. Thurlow presented his bill for his services to the board of county commissioners of this county, which was rejected, and an appeal was taken to the common pleas court; and that court rendered judgment in his favor for the amount of his claim.

Thurlow claims that he is entitled to payment of his claim under Section 7264 of the Revised Statutes as amended, 93d Vol. Ohio Laws, page 7.

The section as amended provides that:

"The costs accruing from a change of venue including the compensation of the attorneys appointed to assist the prosecuting attorney, and the reasonable expense of the prosecuting

attorney incurred in consequence of such change of venue, and also including the fees of the clerk of the court and the sheriff and the jury fees of the jury, to be paid by the county in which the indictment was found.''

The part of the amendment specially relied upon is: ''And also including the fees of the clerk of the court and the sheriff and the jury fees of the jury, to be paid by the county in which the indictment is found.'' We do not see that this amendment affects the original enactment at all.

The section as it originally read was:

''And the costs accruing from a change of venue, including the compensation of the attorneys appointed to assist the prosecuting attorney and the reasonable expenses of the prosecuting attorney incurred in consequence of such change of venue, shall be allowed and paid by the commissioners of the county in which such indictment was found.''

Under the section as it then read the matter was before our Supreme Court, 49th O. S., 373, and it was held that the sheriff of the county where the trial was had was not entitled to be paid his costs by the county where the indictment was found in cases where the state fails to convict; that the only compensation he was entitled to is the allowance provided by Section 1231 of the Revised Statutes which is payable out of the county treasury of the county where the trial is had. As a fact the sheriff had no fees or costs that he could claim, as the accused was acquitted; for in such cases the court of common pleas, under Section 1231, makes an allowance to the sheriff for his services to be paid out of the county treasury of the county where the trial is had. Noble county is making no claim, and very probably could not do so, as there is no specific provision of law under which it could make any claim.

The county commissioners did right in rejecting the claim. Whether the remedy by appeal was the proper one, it is not necessary for us to inquire, as defendant in error has no claim that he can enforce.

The judgment of the common pleas court will be reversed and the proceeding of defendant in error dismissed at his costs.